## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

ANTONIO D. WILLIAMS,           :
                                     :
                Plaintiff,       :
                                     :     CASE NO. 5:15-cv-0372-LJA-MSH
                VS.            :
                                     :
Lieutenant AUTHUR NATHANIAL   :
WOODSON, *et al.*,            :
                                     :
                Defendants.    :
_____

## ORDER & RECOMMENDATION

Presently pending before the Court are Plaintiff's motions to appoint counsel (ECF Nos. 10, 28), motions for an extension of time (ECF Nos. 19, 25), motion to amend (ECF No. 19), motion for discovery (ECF No. 29), and motion for leave to proceed *in forma pauperis* (ECF No. 31).  Also pending is Defendants' motion to dismiss (ECF No. 14). Plaintiff's motions to appoint are denied, his first motion for an extension of time is denied, his second motion for an extension is granted, his motion for discovery is denied, his motion for leave to proceed IFP is denied as moot, and his motion to amend is granted but it is recommended that the additional claims be dismissed.   It is further recommended that Defendants' motion to dismiss be granted in part and denied in part.

### BACKGROUND

The present action arises out of Plaintiff's confinement at Hancock State Prison in Sparta, Georgia.  Plaintiff alleges that on September 27, 2013, Defendant Lieutenant Woodson intentionally and repeatedly slammed Plaintiff's arm in the trap flap of his cell

door and then left without providing Plaintiff medical attention.   Sometime afterward, Plaintiff's mattress, linens, and pillow were taken from him.   Plaintiff filed a grievance soon thereafter; and days later, Plaintiff was moved to segregation.   Woodson then told Plaintiff that he would be released "from the hole" if he dropped his grievance.

Plaintiff states that his shoulder continued to hurt long after the incident and his arm and hand remained numb for weeks.   Plaintiff requested medical treatment a number of times.   Plaintiff was finally seen by medical staff three days after the incident, on September 30, 2013.   However, the prison's nurse, Van Davis, and the prison's health services director, Ms. Thomas, refused Plaintiff's requests for an x-ray.   Davis told Plaintiff that his hand was numb because he had nerve damage and that it would likely not get better.   Months later, x-rays were finally taken and showed "a widening of the AC joint" in Plaintiff's right shoulder, which apparently indicates a possible "subluxation or dislocation" and required surgery.   A "claviculectomy" (or surgical removal of all or part of the clavicle) was performed in February 2015.   Plaintiff still experiences pain and discomfort from the injury.

After a preliminary review, Plaintiff's Eighth Amendment claims against Defendants Woodson, Davis, and Thomas and his First Amendment retaliation claim against Defendant Woodson were allowed to proceed.   Plaintiff then filed two motions to appoint, a motion for extension of time for some unknown deadline, a motion to amend, a second motion for extension of time to file a surreply, a motion for discovery, and a motion for leave to proceed *in forma pauperis*.   Defendants move to dismiss Plaintiff's complaint stating that he failed to exhaust his administrative remedies, that he fails to state a claim,

2

and that Defendants are entitled to qualified immunity.   These motions are ripe for review.

## DISCUSSION

### I.   Plaintiff's Motions

#### A.   Motions to Appoint Counsel

Plaintiff requests that he be appointed counsel.   (ECF Nos. 10, 28.)   Pursuant to 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."   There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).   Appointment of counsel is a privilege that is justified only by exceptional circumstances.   *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).   In deciding whether legal counsel should be provided, the court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.   *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).   Plaintiff has failed to present any extraordinary circumstances which would justify the appointment of counsel in this case—he has ably provided pleadings and responded to Defendants' motion.   Plaintiff's request for court-appointed counsel is accordingly denied at this time.

#### B.   Motions for Extension of Time

On February 2, 2016, Plaintiff filed a motion for extension of time.   First Mot. for Extension of Time 1, ECF No. 19.   Plaintiff does not relate his motion to a specific pending deadline.   Consequently this motion (ECF No. 19) is denied.

Plaintiff similarly filed a motion on March 28, 2016 seeking a seven day extension. Second Mot. for Extension of Time 1, ECF No. 25.   At the time the Court received

Plaintiff's second motion for extension of time, Defendants' motion to dismiss was fully briefed.   The Court therefore assumes that Plaintiff was seeking permission to file a surreply through this motion.   Such request is granted.   Plaintiff's surreply (ECF No. 26) received on April 11, 2016, has been considered by the Court in ruling on Defendants' motion to dismiss.

      C.     Motion to Amend

Plaintiff also moves to amend stating that he would like to bring failure to protect claims against three additional individuals for the events that occurred on September 27, 2013.   Mot. to Am. 1, ECF No. 19.   He does not specifically identify the individuals he would like to add as defendants.   *Id.*   Plaintiff's motion to amend is granted because he filed it within twenty-one days of service of Defendants' motion to dismiss.   *See* Fed. R. Civ. P. 15(a)(1)(B).

However, his claims for failure to protect should be dismissed upon a preliminary review for two reasons.   *See* 28 U.S.C. § 1915A.   First, Plaintiff fails to identify the officers that he claims failed to protect him.   The Eleventh Circuit does not generally allow fictitious-party pleading.   *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).   In order to fall under an exception to this rule, "the plaintiff's description of the defendant [must be] so specific as to be at the very worst, surplusage."   *Id.* (internal quotation marks and citations omitted).   A description of a proposed defendant as a guard or officer at a specific correctional facility is insufficient to meet this exception to the prohibition on fictitious-party pleading.   *Id.*   Thus, Plaintiff's claims against the unknown officers should be dismissed.

Second, Plaintiff failed to exhaust any claims regarding the September 27, 2013 incident except the claims against Defendant Woodson for excessive force and deliberate indifference to a serious medical need.  Plaintiff does not address exhaustion in his Amended Complaint, but the grievance documents attached to Plaintiff's Complaint show that Plaintiff filed only one grievance in the relevant time period after the September 27, 2013 incident.  *See* Compl. Exs. at 3, 6, ECF No. 1-1.  The copy of the grievance attached to Plaintiff's Complaint states that Defendant Woodson "slammed" Plaintiff's arms in the tray flap, that Defendant Woodson failed to provide Plaintiff with medical care, and that Defendant Woodson sexually abused and assaulted Plaintiff.  *Id.* at 15.  This grievance fails to mention any other officer or state that any officer was nearby but failed to intervene. Consequently, it is clear from the face of the Complaint and attachments thereto that Plaintiff failed to exhaust a failure to protect claim against any John Doe defendants.   It is thus recommended that the claims in Plaintiff's Amended Complaint be dismissed.

> D.      Motion for Discovery

On July 20, 2016, Plaintiff sent a letter to the Court which has been docketed as a motion for subpoena and medical examination (ECF No. 29).  Therein, Plaintiff seeks copies of photographs of his injuries and a subpoena for "document production."   Letter 1, July 20, 2016, ECF No. 29.  He also requests that the Court subpoena statements by certain witnesses and order a medical examination pursuant to Federal Rules of Civil Procedure 35.  *Id.*   This motion is denied at this time because discovery is stayed.[1]   On

---

[1]  To the extent that Plaintiff's Interrogatories (ECF No. 32) filed on August 18, 2016 and "Order" (ECF No. 33) filed on August 22, 2016 can be construed as discovery motions, those motions are

January 22, 2016, the Court issued a text-only Order staying discovery in the case pending the resolution of Defendants' motion to dismiss.   Text-only Order, ECF No. 17.   Plaintiff may seek discovery concerning the remaining claim in this case once the discovery stay has been lifted.   Plaintiff is reminded that pursuant to Rule 37(a)(1) and Local Rule 37, he must confer in good faith with the Defendants concerning any discovery issue <u>prior</u> to filing any motions with this Court attempting to compel discovery.

      E.    <u>Motion for Leave to Proceed IFP</u>

The Court also received a motion for leave to proceed IFP (ECF No. 31).   This motion is denied as moot.   Plaintiff's previous request for leave to proceed IFP was granted on November 13, 2015.   Order 1-2, ECF No. 7.

## II.    Defendants' Motion to Dismiss

Defendants move to dismiss claiming that Plaintiff failed to exhaust his administrative remedies, Plaintiff failed to state a claim, Defendants are entitled to Eleventh Amendment immunity in their official capacities, and that Defendants are entitled to qualified immunity in their individual capacities.   The Court agrees that Plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment claims against Defendants Davis and Thomas, and as to the First Amendment retaliation claim against Defendant Woodson.   Plaintiff did fully exhaust regarding his claims for excessive force and deliberate indifference to a serious medical need against Defendant Woodson.   Consequently, those claims are further analyzed under the remainder of Defendants'

---

likewise denied.   Plaintiff is notified that pursuant to Local Rule 5.1, discovery is not generally filed with the Court.   Regardless, Defendant Woodson should respond to Plaintiff's interrogatories within thirty days of the Order lifting the discovery stay.

arguments as explained below.

A.      Exhaustion

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."   *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).   The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.   *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").   Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.   *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."   *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).   "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.*   If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.   *Id.*   "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order

7

to resolve the disputed factual issues related to exhaustion." *Id.*   The defendant bears the burden of proof during this second step.   *Id.*

Defendants move to dismiss for lack of exhaustion claiming that the Georgia Department of Corrections (GDOC) has a grievance procedure which applies to all inmates, but that Plaintiff failed to utilize this procedure regarding his claims.   Defs.' Br. in Supp. of Mot. to Dismiss 4-5, ECF No. 14-1.   Plaintiff responds that he filed an emergency grievance regarding his claims and that his grievance was forwarded to internal investigations which ended the grievance process.   Pl.'s Resp. to Mot. to Dismiss 24-25, 27, ECF No. 22.   Plaintiff thus contends that he exhausted his administrative remedies. Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.   *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion.   A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry.   *Turner*, 541 F.3d at 1082-83.   The Court makes the following factual findings and determines that Defendants have met their burden regarding the majority of Plaintiff's claims.

Hancock State Prison follows the GDOC's Standard Operating Procedures (SOPs) regarding grievances.   Mahoney Aff. ¶¶ 3-4, 6, ECF No. 14-2.   The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the

grievance; and (2) file an appeal to the Central Office.  *Id.* ¶ 11.  A warden has fifty

calendar days within which to respond to an original grievance if he or she requests a ten

day extension.  Mahoney Aff. ¶ 16.  An inmate may file an appeal if the grievance is

rejected, after the warden issues a decision, or after the time allowed for the warden to

make his decision expires.  *Id.* ¶ 17.

Plaintiff filed one grievance at Hancock State Prison concerning his claims in this

action.  *Id.* ¶¶ 21-22 & Exs. 2-3.  On September 30, 2013, Plaintiff filed grievance

158195, in which he complains that "Lt. Woodson slammed my arms in the tray flap[;]

never received medical attention . . . . I'm writing Lt. Woodson up for sexually abusing

[and] sexually assaulting me and refusing to give or have me seen by medical staff with

protocol."  *Id.* Ex. 3 at 2.  He further states that Defendant Woodson "asked for sexual

favors[] verbally and assaulted me by slamming my arms in the flap."  *Id.*   In response,

Plaintiff received a notification that his grievance was forwarded to Internal Investigations

on October 1, 2013.  Mahoney Aff. Ex. 3 at 14-15.   That notification states:

> [Y]our grievance has been forwarded to the Georgia Department of
> Corrections Internal Investigations Unit on 10/01/2013 for review.  That
> Unit will determine what action is appropriate.   As a result, this letter serves
> as the formal response to your grievance and effectively closes your
> grievance.   The decision to forward your grievance to the Internal
> Investigation Unit and close your grievance is not appealable.

*Id.*  Plaintiff refused to sign this notification.  *Id.* at 14.

The Court finds that Plaintiff timely filed a grievance which complains that

Defendant Woodson used force against him and failed to provide him with medical care.

This grievance is also fully exhausted because the grievance was forwarded to internal

investigations and Plaintiff was specifically notified that his grievance was "close[d]" and that he did not have the right to appeal that decision.   Mahoney Aff. Ex. 3 at 14.   Thus, Plaintiff fully exhausted the claims against Defendant Woodson for excessive force and deliberate indifference to a serious medical need.

Plaintiff's grievance, however, fails to mention any other defendant or Plaintiff's claim of retaliation against Defendant Woodson.   While "exhaustion does not necessarily require an inmate to file a new grievance for each harmful incident in a string of related occurrences," it does require that the grievance "provide[] the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015).   Plaintiff's grievance stating that Defendant Woodson slammed his arms in the tray flap and then refused to have medical staff see him does not provide Hancock State Prison with notice that Defendants Thomas and Davis were deliberately indifferent to his medical needs or that Defendant Woodson retaliated against Plaintiff for filing the grievance.   Plaintiff failed to exhaust the deliberate indifference claims against Defendants Thomas and Davis and failed to exhaust the retaliation claim against Defendant Woodson.   It is recommended that Defendants' motion to dismiss for failure to exhaust be granted as to those three claims.

B.     Failure to State a Claim

Defendant Woodson also argues that Plaintiff failed to state a claim for either excessive force or deliberate indifference.   When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.   *Bell Atl. Corp. v.*

10

*Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### 1. Excessive Force

Plaintiff alleges that on September 27, 2013, Plaintiff asked Defendant Woodson for his blankets. Compl. 4, ECF No. 1. In response, Defendant "slammed the tray flap on [Plaintiff's] arms at least 6 times repeatedly applied pressure and stated: Don't hit him and don't you never hit me. And kept slamming the flap on [Plaintiff's] arms." *Id.* Plaintiff then asked for medical treatment, but Defendant Woodson refused to allow him to be seen. Plaintiff states that as a result of this incident, his arms were "numb for five days plus." Compl. 5. He also states that he was in extreme pain, *Id.* at 6, has permanent nerve damage, *Id.* at 7, and eventually had to have surgery on his right shoulder because of the September 27 incident. Compl. 8.

11

Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or [whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation omitted).   In order to determine if force was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted).   "When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security[.]" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks and citation omitted).   "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 599 U.S. 34, 57 (2010).

A consideration of the above factors shows that Plaintiff has sufficiently alleged a claim of excessive force against Defendant Woodson.  Taking Plaintiff's allegations as true, Plaintiff states that he was severely injured when Defendant Woodson repeatedly slammed the cell door tray flap on Plaintiff's arms.   Additionally, Plaintiff asserts that this was done in response to a request for blankets—in other words, it was unprovoked and not in an attempt to maintain order.  These allegations taken as true and as a whole are sufficient to state a claim for excessive force in violation of the Eighth Amendment.

Consequently, Defendant's motion to dismiss Plaintiff's claim of excessive force should be denied.

### 2.    *Deliberate Indifference*

Plaintiff also contends that Defendant Woodson was deliberately indifferent to his serious medical needs—i.e., the injuries from the use of force.   Defendant responds that Plaintiff has failed to state a claim for deliberate indifference against Defendant Woodson because Plaintiff fails to articulate a serious medical need and fails to allege that Defendant Woodson was aware of the medial need.   Defs.' Br. in Supp. of Mot. to Dismiss 17-18, ECF No. 14-1.   As explained below, Plaintiff fails to a claim for deliberate indifference against Defendant Woodson.

"The Eighth Amendment's prohibition against cruel and unusual punishments protects a prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks and citations omitted).   "However, not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (internal quotation marks and citation omitted).   "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).   "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."

13

*Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks and citation omitted).   Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence."   *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). "Deliberate indifference can include the delay of treatment for obviously serious conditions where it is apparent that the delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified."   *Harper v. Lawrence Cty. Ala.*, 592 F.3d 1227, 1235 (11th Cir. 2010) (internal quotation marks and citations omitted).

Plaintiff alleges that after Defendant Woodson slammed his arms in the tray flap he "asked [Defendant Woodson] to give [Plaintiff] medical attention.   [Defendant Woodson] said to me if I had my mama."   Compl. 4.   Plaintiff fails to allege that he had visible injuries or that he told Defendant Woodson he was injured or in pain.   He further fails to allege that Defendant Woodson should have otherwise known that he was injured to the extent that he would need medical care.   Finally, Plaintiff alleges that he was provided medical treatment three days after the incident—on September 30, 2013.   *Id.* at 5.   He, however, fails to allege that he suffered an injury as a result of the delay in treatment from September 27 to September 30.

In sum, Plaintiff neglects to allege that Defendant Woodson disregarded a serious medical need by conduct that was more than negligence.   Similarly, Plaintiff fails to allege that he suffered any injury as a result of Defendant Woodson's failure to provide immediate medical treatment.   Plaintiff fails to allege a constitutional violation for

14

deliberate indifference to a serious medical need.   This claim should thus be dismissed.

      C.     <u>Qualified Immunity</u>

Defendant Woodson also argues that, even assuming Plaintiff has stated a claim for excessive force, he is entitled to qualified immunity and the Complaint must be dismissed. However, "when a plaintiff making an excessive force claim has alleged facts sufficient to survive a motion to dismiss or a motion for summary judgment demonstrating that the officer used force maliciously and sadistically to cause harm, he has necessarily established the two prongs required to defeat a defense of qualified immunity."   *Dobbins v. Giles*, 451 F. App'x 849, 851 (11th Cir. 2012) (internal quotation marks and citation omitted).   Having found that Plaintiff has alleged sufficient facts to survive a motion to dismiss his claim for excessive force, the Court cannot, on the record before it, find that Defendant Woodson is entitled to qualified immunity.   It is therefore recommended that Defendants' motion to dismiss be denied regarding the claim against Defendant Woodson for excessive force.

      D.     <u>Official Capacity Claims</u>

Defendants contend that Plaintiff's claims against them in their official capacities should be dismissed because they are immune from suit pursuant to the Eleventh Amendment.   Defendants are employees of Hancock State Prison—i.e., they are employees of the Georgia Department of Corrections ("GDOC").   GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities.   "Official capacity suits for damages against employees of a state agency are suits against the state agency."   *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006).

15

"A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352. Therefore, Eleventh Amendment immunity bars suit.

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for the denial of Plaintiff's claims. *Will*, 491 U.S. 71. Plaintiff's claims against Defendants in their official capacities should therefore be dismissed.

## CONCLUSION

For the reasons explained above, Plaintiff's motions to appoint counsel (ECF Nos. 10, 28) are denied, his first motion for an extension of time (ECF No. 19) is denied, his second motion for an extension of time is granted (ECF No. 25), his motion to amend (ECF No. 19) is granted but it is recommended that the failure to protect claims be dismissed, Plaintiff's motion for discovery (ECF No. 29) is denied at this time, and his motion for leave to proceed *in forma pauperis* (ECF No. 31) is denied as moot. It is recommended that Defendants' motion to dismiss (ECF No. 14) be granted in part and denied in part such

16

that the only remaining claim is against Defendant Woodson in his individual capacity for excessive force.

SO ORDERED and RECOMMENDED, this 30th day of August, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE